# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

AARON FARRIS,              )
                           )
            Plaintiff,       )
                           )
            v.           )      No. 06-4301-CV-C-NKL
                           )
STATE OF MISSOURI, et al.,    )
                           )
            Defendants.   )

## <u>REPORT, RECOMMENDATION AND ORDER</u>

Plaintiff Aaron Farris, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.  This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff names as defendants the State of Missouri, Governor Matt Blunt, Public Defender's Office, Public Defenders Ron Hackathorn and Peter Bender, City of Springfield, Greene County, Greene County Justice Center Administrators and Staff, Fulton State Hospital Administrators and Staff, and John Doe Participants in The Mentally Ill Offender Treatment and Crime Reduction Act 2003-2004 and Collaborative Programs, Mental Health Agencies and Criminal or Juvenile Justice Systems.

Plaintiff challenges his order of commitment to Fulton State Hospital and lack of competent rehabilitative treatment and programs.  Plaintiff alleges he is being held against his will, in violation of due process, because he has no current criminal charges pending.  Plaintiff further alleges the public defenders are deliberately disregarding his need for legal assistance. Finally, plaintiff alleges that the Mentally Ill Offender Treatment and Crime Reduction Act of 2003-2004 is being unconstitutionally applied to him.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915.  Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated

grounds.  If appropriate, the court may impose a partial filing fee under L.R. 83.7.  <u>In re</u>
<u>Williamson</u>, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing
fee.  Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee,
the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state
a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is
immune from such relief.  28 U.S.C. § 1915 (e)(2).  The term "frivolous," as used in the statute,
does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the
federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a
claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an
"indisputably meritless legal theory."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989).  The
statute has been interpreted to give the court "the unusual power to pierce the veil of the
complaint's factual allegations and dismiss those claims whose factual contentions are clearly
baseless."  <u>Id.</u> at 327.  Baseless factual contentions are those that are "fanciful," "fantastic" or
"wholly incredible."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims against the State of Missouri, State Public Defender's Office and Fulton
State Hospital should be dismissed.  The Eleventh Amendment to the United States Constitution
prohibits suits for damages against the state, agencies of the state or state officials acting in their
official capacity.  <u>Nix v. Norman</u>, 879 F.2d 429, 432-33 (8th Cir. 1989).

Plaintiff's claims against the City of Springfield and Greene County, Missouri, should be
dismissed.  Local governmental units, such as a city or county, are included among those to
which section 1983 applies.  <u>Monell v. Department of Soc. Serv. of City of N. Y.</u>, 436 U.S. 658,
690 (1978).  However, liability of a municipality under section 1983 cannot be premised merely
on the fact that it employs a tort-feasor or tort-feasors; in other words, section 1983 liability
against a local government unit cannot be based upon a respondeat superior theory.  <u>Id.</u> at 691.
In order to establish liability of a municipality under <u>Monell</u>, the plaintiff must establish that
"execution of a government's policy or custom, whether made by its lawmakers or by those
whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."  <u>Id.</u> at
694.  <u>See also St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988); <u>Jett v. Dallas Indep. School Dist.</u>,

2

491 U.S. 701 (1989). Thus, plaintiff must allege facts indicating that the municipal defendants were acting pursuant to official municipal policy in order to state a claim under section 1983 against the municipality. Plaintiff alleges no actions of the City or County, other than general allegations, based on the general supervisory roles over the City and County, respectively. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff's claims against Governor Matt Blunt, Greene County Justice Center Administrators and Staff and unidentified participants in "The Mentally Ill Offender Treatment and Crime reduction Act 2003-2004, Collaborative Programs, Mental Health Agencies, and Criminal or Juvenile Justice Programs" should also be dismissed on respondeat superior grounds. Plaintiff makes no specific allegations against these defendants, but rather, alleges they are generally responsible for overseeing the issues of which plaintiff complains.

Plaintiff's claims against Public Defenders Ron Hackathorn and Peter Bender should be dismissed because a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk v. Dodson, 454 U.S. 312, 325 (1981). Because the public defender is not a state actor, plaintiff fails to state a claim under 42 U.S.C. § 1983.

Although plaintiff's allegations against unidentified Fulton State Hospital Administrators and Staff may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

Generally, the use of "John Doe" defendants is not permitted in federal practice. Iseley v. Bucks County, 549 F. Supp. 160, 163 n.3 (E.D. Pa. 1982); Rosenthal v. State of Nevada, 514 F. Supp. 907, 914 (D. Nev. 1981); Breslin v. City & County of Philadelphia, 92 F.R.D. 764, 765 (E.D. Pa. 1981); Joel v. Various John Does, 499 F. Supp. 791, 792 (D. Wis. 1980); United States, ex rel. Davis v. Long's Drugs, Inc., 411 F. Supp. 1144, 1153 (S.D. Cal. 1976); M.J. Brock & Sons, Inc. v. City of Davis, 401 F. Supp. 354, 357 (N.D. Cal. 1975).

3

Fed. R. Civ. P. 4 permits the court to direct the United States Marshal to serve process in actions brought by indigents. Plaintiff is being granted leave to proceed in forma pauperis in this case. Plaintiff is required to furnish the information necessary to identify the defendants and enable the United States Marshal to serve process. Moore v. Jackson, 123 F.3d 1082 (8th Cir. 1997). Plaintiff should complete the service of process forms provided to him by the clerk of court and return the completed forms, within twenty days, showing the names and addresses of defendants so that service of process can be effected. Plaintiff will need to prepare one set of forms for each defendant.

Plaintiff is being granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. The records available to the court, however, indicate plaintiff is capable of paying a partial filing fee. See L.R. 83.7. Failure to pay the partial filing fee may result in dismissal of plaintiff's claims for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

On January 4 and 25, 2007, plaintiff filed motions for appointment of counsel, pursuant to 28 U.S.C. § 1915. There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam). Rather, "[i]n civil rights matters the court *may* pursuant to [28 U.S.C. § 1915(e)], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "'a reasoned and well-informed discretion'" in deciding whether to appoint counsel. Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

4

The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (citations omitted). See also Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in pro se civil cases brought by indigent litigants were discussed by this court in Ferguson v. Fleck, 480 F. Supp. 219 (W.D. Mo. 1979), at page 222:

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments, on an infrequent basis . . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters, an assumption underlying the *Peterson* decision. Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

This court has followed a liberal policy of appointing counsel in civil actions brought by prisoners in nonfrivolous cases. Green v. Wyrick, 428 F. Supp. 732, 741 (W.D. Mo. 1976).

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e)] does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 310 (1989).

The issues in plaintiff's complaint are not complex and at this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the

5

appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice.  [3, 4, 5]  It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915.  It is further

ORDERED that within thirty days, plaintiff pay a partial filing fee of $17.81.  It is further

ORDERED that the clerk of court forward the appropriate process forms to plaintiff.  It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms so that defendants can be served.  It is further

ORDERED that upon receipt of the completed forms, the clerk of court shall issue the summons and complaint to the United States Marshal for service of process.  It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2).  It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived.  It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration.  It is further

RECOMMENDED that plaintiff's claims against the State of Missouri, Governor Matt Blunt, Public Defenders Office, Public Defenders Ron Hackathorn and Peter Bender, City of Springfield, Greene County, Greene County Justice Center Administrators and Staff, and John Doe Participants in the Mentally Ill Offender Treatment and Crime Reduction Act 2003-2004, Collaborative Programs, Mental Health Agencies and Criminal or Juvenile Justice Systems be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the

Case 2:06-cv-04301-NKL   Document 9-1   Filed 03/20/07   Page 6 of 7

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

Dated this 20th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

Case 2:06-cv-04301-NKL   Document 9-1   Filed 03/20/07   Page 7 of 7